# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| Plaintiff, | ) | Case No. 7:14CV00468 |
| v. | ) | **OPINION** |
| **DANIEL MILLER, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, Jordan Joseph Kinard, a Virginia inmate proceeding pro se, has filed a "Motion for Temporary Restraining Order," seeking immediate treatment for his stomach ulcers.[1] The court has construed and docketed Kinard's motion as a civil rights action under 42 U.S.C. § 1983. Because he has not prepaid the filing fee for this action, I will also consider whether he qualifies to proceed in forma pauperis under 28 U.S.C. § 1915. After review of the record, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g) and deny Kinard's motion, because he has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claim.

---

[1] Kinard has another pending civil action, Case No. 7:14CV00230. Because this motion did not include that case number and concerned different subject matter, the court docketed it as a new and separate civil action.

Kinard alleges that on August 25, 2014, a doctor assessed him for a complaint of abdominal pain and diagnosed stomach ulcers. The doctor allegedly told Kinard, "I've prescribe[d] you medication that treats ulcers for 30 days and if that doesn't help, we'll go from there." (Motion 2, ECF No. 1.) Since then, Kinard has allegedly suffered diarrhea and noticed a red substance in his stool. He believes he has ulcerative colitis, a condition that could be fatal if left untreated. Medical staff members have advised him to continue the treatment the doctor prescribed.

Kinard mailed this motion to the court on or about August 27, 2014, asking the court to order prison officials to take him "to a hospital or a specialist for an endoscopy examination to find out the status of his 'ulcerative colitis' or ulcers." (*Id.* 3.) He asserts that he "will suffer immediate and irreparable injury and damage if he has to await to see if medication works or wait [for the unspecified] defendants to respond." (*Id.* 4.)

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had

-2-

Case 7:14-cv-00468-JPJ-RSB   Document 2   Filed 09/08/14   Page 2 of 5   Pageid#: 7

three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Numerous courts have also concluded that where a three-striker inmate's allegations reflect that he has received medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *See, e.g.*, *Renoir v. Mullins*, No. 7:06CV00474, 2006 WL 2375624 (W.D. Va. Aug. 15, 2006) (finding disagreement with diagnoses and prescribed treatment is not imminent danger of serious physical harm).

Court records available on line indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. Aug. 6, 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. April 11, 2007). All three of these cases were dismissed under 28 U.S.C. § 1915A(b)(1), which authorizes summary dismissal of prison conditions cases as

frivolous, malicious, or for failure to state a claim. *See also Kinard v. Va. Dep't of Corr.*, No. 7:14CV00268 (W.D. Va. May 28, 2014) (dismissed under § 1915(g) based on three prior strikes). Accordingly, Kinard may proceed in forma pauperis (without prepayment of the filing fee) only if he can show imminent danger of serious physical injury. § 1915(g).

I cannot find that Kinard has presented facts showing that he is in imminent danger of serious physical harm related to his current claim. The essence of Kinard's complaint is that he disagrees with the doctor's current diagnosis and treatment of his stomach problem with medication for ulcers, a treatment prescribed merely two days before he filed this lawsuit. Kinard's self-diagnosed need for other forms of medical evaluation or aggressive treatment simply reflects his disagreement with his physician's medical judgment. Accordingly, I cannot find that Kinard has shown imminent danger of physical harm as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.[2]

Because the records reflect that Kinard has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical

---

[2] On the same bases, Kinard's allegations fail to state any actionable Eighth Amendment claim against any of the medical staff he mentions in the submission, *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985), and fail to predict imminent, irreparable harm as required to warrant a temporary restraining order. *See* Fed. R. Civ. P. 65(b). Moreover, Kinard's lawsuit is also improper because he clearly has not yet exhausted administrative remedies, as required under 42 U.S.C. § 1997e(a).

-4-

harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g).  As he also has not prepaid the $350.00 filing fee and the $50.00 administrative fee required to bring a civil action in this court, I will dismiss the complaint without prejudice and deny his motion for temporary restraining order.

      A separate Final Order will be entered herewith.

                                  DATED:   September 8, 2014

                                  /s/  James P. Jones
                                  United States District Judge